**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| APPOTRONICS CORPORATION LTD.,<br><br>*Plaintiff*,<br><br>v.<br><br>DELTA ELECTRONICS, INC.,<br><br>*Defendant*. | Civil Action No. 2:19-cv-00466-RGD-LRL |

**PLAINTIFF APPOTRONICS CORPORATION LTD.'S OPPOSITION TO DEFENDANT DELTA ELECTRONICS, INC.'S MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA**

# TABLE OF CONTENTS


**Page**

TABLE OF AUTHORITIES ..... ii

I. INTRODUCTION ..... 1

II. PROCEDURAL BACKGROUND ..... 2

III. LEGAL STANDARD ..... 3

A. A Court May Only Transfer a Lawsuit Under Section 1404 to a District Where the Suit Could Have Been Brought. ..... 3

B. Personal Jurisdiction in Inventorship Actions Under 35 U.S.C. § 256 ..... 4

i. General Personal Jurisdiction ..... 4

ii. Specific Personal Jurisdiction ..... 5

iii. Personal Jurisdiction Under Section 293 ..... 5

C. Factors for the Convenience Prong of a Motion to Transfer Venue Under Section 1404 ..... 6

IV. ARGUMENT ..... 6

A. This Lawsuit Could Not Have Been Brought in the Northern District of California. ..... 6

i. Delta has Failed to its Burden to Show that Personal Jurisdiction is Proper in the Northern District of California. ..... 7

ii. Personal Jurisdiction over Delta was Unavailable in the Northern District of California at the Outset of this Lawsuit. ..... 8

B. The Convenience Factors Do Not Favor Transfer. ..... 10

i. Appotronics' Choice of Forum is Entitled to Substantial Weight, and this First Factor Weighs Against Transfer. ..... 10

ii. The Convenience to the Parties and Potential Witnesses is Neutral. ..... 11

iii. The Interest of Justice Weighs Against Transfer. ..... 13

V. CONCLUSION ..... 14

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ali v. Carnegie Inst. of Wash.*,
967 F. Supp. 2d 1367 (D. Or. 2013) ....................9

*Belden Techs., Inc. v. LS Corp.*,
626 F. Supp. 2d 448 (D. Del. 2009)....................3

*Bluestone Innovations, LLC v. LG Elecs., Inc.*,
940 F. Supp. 2d 310 (E.D. Va. 2013) ....................6

*Brunette Machine Works, Ltd. v. Kockum Industries, Inc.*,
406 U.S. 706 (1972)....................3

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985)....................4

*Campbell Pet Co. v. Miale*,
542 F.3d 879 (Fed. Cir. 2008)....................5

*Corry v. CFM Majestic, Inc.*,
16 F. Supp. 2d 660 (E.D. Va. Aug. 13, 1993)....................3, 6

*Daimler AG v. Bauman*,
571 U.S. 117 (2014)....................4, 5, 8, 9

*Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*,
297 F.3d 1343 (Fed. Cir. 2002)....................4, 5

*Furmanite Am., Inc. v. Durango Assocs.*,
662 F. Supp. 348 (E.D. Va. 1986) ....................10

*Gebr. Brasseler GmBH & Co. KG v. Abrasive Tech., Inc.*,
No. 1:08-cv-1246, 2009 WL 874513 (E.D. Va. Mar. 27, 2009)....................11

*Global Touch Solutions, LLC v. Toshiba Corp.*,
109 F. Supp. 3d 882 (E.D. Va. 2015) .................... *passim*

*Gulf Oil Corp. v. Gilbert*,
330 U.S. 501 (1947)....................10

*Heinz Kettler GmbH & Co. v. Razor USA, LLC*,
750 F. Supp. 2d 660 (E.D. Va. 2010) ....................6

**TABLE OF AUTHORITIES—continued**

**Page(s)**

*Hoffman v. Blaski*,
363 U.S. 335 (1960)....................3

*In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018)....................7

*In re Interior Molded Doors Antitrust Litig.*,
No. 3:18-cv-00718, 2019 WL 1062382 (E.D. Va. March 6, 2019)....................10

*Koh v. Microtek Int'l, Inc.*,
250 F. Supp. 2d 627 (E.D. Va. 2003)....................2, 7, 12, 13

*LG Elecs. v. Adv. Creative Computer Corp.*,
131 F. Supp. 2d 804 (E.D. Va. 2001)....................3, 5, 10

*MCV, Inc. v. King-Seeley Thermos Co.*,
870 F.2d 1568 (Fed. Cir. 1989)....................4

*NexLearn v. Allen Interactions, Inc.*,
859 F.3d 1371 (Fed. Cir. 2017)....................5, 7, 9

*In re Toyota Motor Corp.*,
747 F.3d 1338 (Fed. Cir. 2014)....................1, 11, 12

*United States Indus. v. Maclaren*,
No. 75-2086, 1976 WL 21010 (D.D.C. January 1, 1976)....................4

*In re Verhoef*,
888 F.3d 1362 (Fed. Cir. 2018)....................14

*Wester-Chicago Corp. v. Holstensson*,
132 F. Supp. 287 (D.D.C. June 20, 1955)....................4

**STATUTES**

28 U.S.C. § 1338....................3

28 U.S.C. § 1391....................3

28 U.S.C. § 1404....................3, 6, 10, 14

35 U.S.C. § 256....................1, 4

35 U.S.C. § 293.................... *passim*

## I. INTRODUCTION

Defendant Delta Electronics, Inc. ("Delta") improperly asks this Court to transfer venue to a forum (the Northern District of California) in which this lawsuit could not have been brought initially. On that basis alone, the Motion should be denied.

Specifically, this lawsuit, which relates entirely to requests for changes in inventorship under 35 U.S.C. § 256. Dkt. 1 (Complaint), could not have been brought in the Northern District of California because of lack of general personal jurisdiction over Delta. And as explained in greater detail below, none of the contacts that Delta alleges between it and the Northern District bear any relationship to the inventorship of the patents in suit, and thus do not support specific personal jurisdiction over Delta in the Northern District.

Delta has the burden of showing that the Northern District of California could have exercised personal jurisdiction over it in this lawsuit, and Delta entirely failed to carry this burden. *See Global Touch Solutions, LLC v. Toshiba Corp.*, 109 F. Supp. 3d 882, 889 (E.D. Va. 2015). In fact, the Motion lacks any personal jurisdiction analysis whatsoever, devoting only a single paragraph to why this suit supposedly could have been brought in California based on the venue statute. *See* Mot. at 7. This deficiency is reason enough to deny the Motion.

But even if this Court finds that the Northern District of California could have exercised personal jurisdiction over Delta at the outset of this lawsuit, the factors of convenience and justice do not favor transfer. As Delta acknowledges, this is an inventorship dispute between two foreign companies, and nearly all of the witnesses and evidence pertaining to this dispute are in either China or Taiwan, far from either district, rendering the transfer analysis at most neutral. *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014) ("[t]he comparison between the transferor and transferee forums is not altered by the presence of other witnesses and documents in places outside both forums"). Moreover, while Delta is incorrect that Appotronics has a United

States subsidiary located in the Northern District of California—that subsidiary moved to Texas in 2018—Delta also fails to proffer the relevance of either Appotronics' subsidiary or its own subsidiary to this inventorship dispute, nor does it proffer the relevance of a Mutual Non-Disclosure Agreement ("MNDA") that it cites as allegedly governed by California law. *See Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 636 (E.D. Va. 2003) (requiring a party to provide "sufficient detail" about how alleged evidence affecting the transfer analysis is "material" to the dispute). In fact, these subsidiaries and the MNDA are irrelevant to the inventorship of the disputed patents.

In contrast, should the Court decide to grant Delta's Motion, Plaintiff Appotronics Corporation Ltd. ("Appotronics") would face nearly double the median time to trial in the Northern District, and would be denied its chosen venue.

Accordingly, Delta's Motion to transfer venue to the Northern District of California should be denied.

## II. PROCEDURAL BACKGROUND

On September 6, 2019, Appotronics filed the present lawsuit, seeking recovery of its intellectual property rights that were wrongfully taken by Delta and correction of inventorship of U.S. Patent No. 9,024,241. Dkt. 1. Based on Delta's status as a foreign patent holder, Appotronics filed a motion for alternative service on September 11, 2019 (Dkt. 4), which was granted (Dkt. 6). Appotronics then served Delta both by service upon its prosecution counsel and by publishing the Complaint in The Washington Times by September 27, 2019 (Dkt. 15-16). Delta answered the Complaint on November 18, 2019, and counterclaimed to change the inventorship of U.S. Patent No. 9,612,511. Dkt. 20. Appotronics amended its Complaint to include claims for the change of inventorship of four patents related to U.S. Patent No. 9,024,241 on December 9, 2019 (Dkt. 27), and Delta provided its answer on December 23, 2019 (Dkt. 29).

Delta filed this Motion to transfer venue on December 24, 2019, nearly three months after it was served with the Complaint. Dkt. 30-31.

## III. LEGAL STANDARD

### A. A Court May Only Transfer a Lawsuit Under Section 1404 to a District Where the Suit Could Have Been Brought.

A court may only transfer a civil action to another district "where it might have been brought." 28 U.S.C. § 1404(a). Accordingly, as a threshold determination when assessing a motion to transfer, a court must determine whether the lawsuit could have been brought in the proposed transferee forum—that is, whether *both* jurisdictional and venue requirements are satisfied in the proposed district. *See LG Elecs. v. Adv. Creative Computer Corp.*, 131 F. Supp. 2d 804, 811 (E.D. Va. 2001) ("[t]he impropriety of venue and jurisdiction act as an absolute bar to the transfer of LGE's claims against DTK-NJ to the Northern District of California"). "[I]mportantly, these requirements [of personal jurisdiction and venue] cannot be waived." *Corry v. CFM Majestic, Inc.*, 16 F. Supp. 2d 660, 663 (E.D. Va. Aug. 13, 1993) (citing *Hoffman v. Blaski*, 363 U.S. 335, 343-344 (1960)).

In civil actions "relating to patents," subject matter jurisdiction is originally vested in any United States district court and is therefore not at issue in a motion to transfer. *See* 28 U.S.C. § 1338. Moreover, for foreign defendants, the questions of venue and personal jurisdiction are effectively merged into a determination of personal jurisdiction. *See Brunette Machine Works, Ltd. v. Kockum Industries, Inc.*, 406 U.S. 706, 708 (1972) (suits against foreign defendants may be "tried in any district, subject only to the requirements of service of process") (citing 28 U.S.C. § 1391); *Belden Techs., Inc. v. LS Corp.*, 626 F. Supp. 2d 448, 460 (D. Del. 2009) (because "service of process and personal jurisdiction are interrelated… venue hinges on the resolution of the personal jurisdiction question").

Accordingly, for civil actions against a foreign defendant arising under the patent laws of the United States, the question of whether a lawsuit could have been brought in a proposed transferee forum reduces to the question of whether that district court may exercise personal jurisdiction over the defendant.

**B. Personal Jurisdiction in Inventorship Actions Under 35 U.S.C. § 256.**

Personal jurisdiction over a defendant in an inventorship action may be satisfied in three ways: (1) general personal jurisdiction; (2) specific personal jurisdiction; or (3) pursuant to the rules of 35 U.S.C. § 293.[1] *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.15 (1985); *MCV, Inc. v. King-Seeley Thermos Co.*, 870 F.2d 1568, 1570 (Fed. Cir. 1989) (claims based on 35 U.S.C. § 256 arise under the patent laws, and are therefore subject to the rules of Section 293).

"Federal Circuit law governs the issue of personal jurisdiction in [a] patent-related case." *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1348 (Fed. Cir. 2002). Moreover, it is the movant's burden to establish personal jurisdiction in the proposed transferee forum. *Global Touch Solutions*, 109 F. Supp. 3d at 889.

*i. General Personal Jurisdiction*

General jurisdiction exists over a foreign corporation only where that "corporation's affiliations with the State are so 'continuous and systematic' as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014). Accordingly, general jurisdiction requires much more than a mere "stream of commerce" or "an in-state subsidiary or

---

[1] Courts have been inconsistent about whether Section 293 grants *in rem* or *in personam* jurisdiction, such that Section 293 may or may not form a separate inquiry from that of specific personal jurisdiction. *See Wester-Chicago Corp. v. Holstensson*, 132 F. Supp. 287, 288 (D.D.C. June 20, 1955) ("in the instant action jurisdiction is limited to an in rem determination respecting the patent and rights thereunder"); *cf. United States Indus. v. Maclaren*, No. 75-2086, 1976 WL 21010, *1 (D.D.C. January 1, 1976) ("Section 293 vests this District Court with subject matter and in personam jurisdiction in patent suits"). This distinction, however, is immaterial to the present dispute.

affiliate." *Id*. at 132, 136. The "paradigm" for the exercise of general jurisdiction is only by those forums where a corporation is incorporated or has its principal place of business. *Id*. at 137.

*ii. Specific Personal Jurisdiction*

In contrast with general jurisdiction, "[s]pecific jurisdiction requires that the plaintiff's suit arises out of or relates to the defendant's contacts with the forum." *NexLearn v. Allen Interactions, Inc.*, 859 F.3d 1371, 1376 (Fed. Cir. 2017). "[S]pecific jurisdiction may be exercised by a district court in the forum state if the state's long-arm statute would permit service of process on the defendant under the circumstances of the case, and if due process considerations would permit the exercise of personal jurisdiction over the defendant under those circumstances." *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884 (Fed. Cir. 2008).

"California's long-arm statute permits a court to exercise personal jurisdiction over a nonresident defendant to the full extent permissible by the United States Constitution." *LG Elecs.*, 131 F. Supp. 2d at 816. Thus, the test for specific personal jurisdiction for the Northern District of California, the proposed transferee forum, equates to the due process requirement for the exercise of personal jurisdiction as determined by the Federal Circuit. *Deprenyl Animal Health*, 297 F.3d at 1348.

To determine whether specific jurisdiction is appropriate, the Federal Circuit applies a three-part test: (1) the defendant must have purposefully directed its activities to the forum State; (2) the claims must arise out of or relate to those activities; and (3) the assertion of jurisdiction must be reasonable and fair. *NexLearn*, 859 F.3d at 1376.

*iii. Personal Jurisdiction Under Section 293*

While Section 293 forms a basis for jurisdiction in *this* district (*see* Dkt. 27 at 6) and is mentioned for completeness, it is not relevant to jurisdiction in the Northern District of California because Delta has not designated an agent in that district, and thus Section 293 need not be

addressed in detail here. *See* 35 U.S.C. § 293 (only vesting jurisdiction in the Eastern District of Virginia or in the forum of an agent designated by the patentee).

### C. Factors for the Convenience Prong of a Motion to Transfer Venue Under Section 1404.

Should a proposed transferee forum meet the threshold requirement of being a forum where the suit could have been brought, then a motion to transfer under Section 1404 should be assessed according to four factors: "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) witness convenience and access, and (4) the interest of justice." *Bluestone Innovations, LLC v. LG Elecs., Inc.*, 940 F. Supp. 2d 310, 313 (E.D. Va. 2013) (citing *Heinz Kettler GmbH & Co. v. Razor USA, LLC*, 750 F. Supp. 2d 660, 667 (E.D. Va. 2010)).

## IV. ARGUMENT

Delta's Motion should be denied for two reasons. First this lawsuit could not have been brought in the Northern District of California because of a lack of personal jurisdiction. Second, the factors of convenience and justice do not favor transfer or outweigh Appotronics' chosen forum.

### A. This Lawsuit Could Not Have Been Brought in the Northern District of California.

As a threshold matter, the Court should deny Delta's Motion because this lawsuit could not have been brought in the Northern District of California because of a lack of personal jurisdiction. 28 U.S.C. § 1404(a) (transfer is available only to a district "where [the lawsuit] might have been brought"); *see also Corry*, 16 F. Supp. 2d at 663 (the personal jurisdiction requirement for the proposed transferee forum "cannot be waived"). Delta, which has the burden of proof on this issue, has failed to offer any basis for personal jurisdiction in the Northern District of California, and indeed, no basis for personal jurisdiction in the Northern District for this lawsuit exists.

*i. Delta has Failed to its Burden to Show that Personal Jurisdiction is Proper in the Northern District of California.*

Delta has entirely failed to carry its burden to "establish that both venue and jurisdiction with respect to each defendant is proper in the transferee district." *Global Touch Solutions*, 109 F. Supp. 3d 889 (emphasis in original) (citing *Koh*, 250 F. Supp. 2d at 630). In fact, Delta's Motion to transfer does not directly assert or examine personal jurisdiction in the Northern District of California at all. *See* Mot. at 7.

At best, in arguing that *venue* in the Northern District of California is proper (*id*.), Delta invokes the holding of *Global Touch Solutions* for the proposition that cases can supposedly be brought where a corporation has "a well-established and long-standing distribution network operated by a wholly-owned subsidiary that directly targets customers in California, but such subsidiary is itself headquartered within California." *Id*. (citing *Global Touch Solutions*, 109 F. Supp. 3d at 895-96).[2]

The holding of *Global Touch Solutions* does not apply to Delta and this lawsuit, and does not support an argument for personal jurisdiction in these circumstances. In *Global Touch Solutions*, the court examined only *specific* jurisdiction. 109 F. Supp. 3d at 890-91; *see also NexLearn*, 859 F.3d at 1376 (specific jurisdiction "requires that the plaintiff's suit arises out of or relates to the defendant's contacts with the forum"). The court in *Global Touch Solutions* was presented with a patent infringement lawsuit—which necessarily relates to accused products—and found that a long-standing distribution network in California relating to those accused products, as well as a California-based subsidiary of the defendant, created specific jurisdiction in California, but only for purposes of the patent infringement lawsuit. 109 F. Supp. 3d at 894.

[2] Delta also cites to *In re HTC Corp.* (Mot. at 7), but that holding is entirely limited to venue rules and does not address the separate "requirements of personal jurisdiction." *See* 889 F.3d 1349, 1356 (Fed. Cir. 2018).

But in finding the existence of specific jurisdiction for a patent infringement lawsuit, *Global Touch Solutions* did not hold that general jurisdiction existed over a defendant as a result of those contacts, nor did it hold that the existence of a distribution network or subsidiaries has any relation to an inventorship lawsuit. *Id*. ("jurisdiction over Toshiba in California for matters relating to the sale of Toshiba products is appropriate") (emphasis added). Accordingly, Delta, which bears the burden of proof on this issue, has presented no clearly identifiable argument for why the Northern District of California could have exercised personal jurisdiction in this inventorship dispute.

*ii. Personal Jurisdiction over Delta was Unavailable in the Northern District of California at the Outset of this Lawsuit.*

Indeed, as a factual and legal matter, the Northern District of California could not have exercised personal jurisdiction over Delta in this lawsuit. First, while not alleged, general personal jurisdiction is not available because Delta is a Taiwanese company incorporated in Taiwan and has no "principal place of business" in California. *See Daimler*, 571 U.S. at 132, 136-39 (general jurisdiction requires much more than a mere "stream of commerce" or "an in-state subsidiary or affiliate"—it requires that the company be "at home" in the forum). Next, jurisdiction under Section 293 is also not available because Delta did not designate an agent in that district. 35 U.S.C. § 293. Finally, specific personal jurisdiction could not have been exercised because none of Delta's contacts to the Northern District of California relate to this inventorship dispute.

Regarding general jurisdiction, there is no dispute that Delta is not incorporated in California, nor does it have its principal place of business there. *See* Dkt. 27 at ¶ 18 (Delta admitting that its "principal place of business" is located at 186 Ruey Kuang Rd., Neihu, Taipei 11491, Taiwan). Delta, which has the burden of proof, does not even allege, let alone demonstrate, that any affiliations it has with California "are so 'continuous and systematic' as to render it

essentially at home in the forum State." *Daimler*, 571 U.S. at 138-39. And as noted above, the presence of a subsidiary in California does not create general jurisdiction. Accordingly, the Northern District of California does not have general jurisdiction over Delta. Delta does not suggest otherwise.

For specific personal jurisdiction to exist, Delta's contacts with the Northern District would need to relate to this lawsuit such that the lawsuit "arises out of or relates to" those contacts. *See NexLearn*, 859 F.3d at 1376. And this is not the case.

The only contacts with California that Delta has alleged are the existence of Delta's California-based subsidiary and unspecified "business activities" in California (and it is unclear if these alleged business activities are Delta's or those of Delta's subsidiary). Mot. at 4, 13. But neither of these contacts with California arise out of or relate to this inventorship dispute—inventorship relates to research and development done by Appotronics (and allegedly Delta), not by Delta's subsidiary. *See* Dkt. 27 at ¶¶ 1-16 (Amended Complaint); Dkt. 29 at counterclaim ¶¶ 7-22 (Answer to Amended Complaint and Counterclaim). Indeed, Delta, in its Motion, acknowledges that its inventors are located and did their work in Taiwan, not California. Mot. at 5. Likewise, general "business activities" have no bearing on inventorship. *See Ali v. Carnegie Inst. of Wash.*, 967 F. Supp. 2d 1367, 1391 (D. Or. 2013) ("These types of contacts are irrelevant to an action seeking to correct the inventorship of an issued patent.").

Accordingly, aside from Delta failing to show or even address personal jurisdiction to meet its burden, a closer examination shows that the Northern District of California could not have exercised personal jurisdiction over Delta at the outset of this lawsuit. Therefore, transfer under Section 1404 would be inappropriate, and Delta's motion should be denied on that basis alone. 28

U.S.C. § 1404(a); *see also LG Elecs*, 131 F. Supp. 2d at 811 ("[t]he impropriety of venue and jurisdiction act as an absolute bar to [] transfer").

**B. The Convenience Factors Do Not Favor Transfer.**

Even if this lawsuit could have been brought in the Northern District of California, the convenience factors cited by Delta do not outweigh Appotronics' choice of forum or favor transfer, and Delta's Motion fails on this basis as well. Indeed, "[u]nless the balance of conveniences is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Furmanite Am., Inc. v. Durango Assocs.*, 662 F. Supp. 348, 351 (E.D. Va. 1986) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). The party seeking transfer "bear[s] the burden of demonstrating that the § 1404(a) factors strongly favor transfer, which is typically a high bar." *Global Touch Solutions*, 109 F. Supp. 3d at 899.

*i. Appotronics' Choice of Forum is Entitled to Substantial Weight, and this First Factor Weighs Against Transfer.*

Appotronics has chosen to litigate this matter in the single district entitled to hear disputes regarding patents that are held by foreign patentees, absent the patentee choosing otherwise. 35 U.S.C. § 293. As such, Appotronics' choice of forum has meaning and is entitled to substantial weight. Appotronics has chosen a court well-versed in patent disputes and proximate to the United States Patent and Trademark Office, and retaining this lawsuit will further the jurisprudence in the default forum chosen by Congress. *Id*.; *see also In re Interior Molded Doors Antitrust Litig.*, No. 3:18-cv-00718, 2019 WL 1062382, *3 (E.D. Va. March 6, 2019) ("a plaintiff's choice of forum [is afforded] 'substantial weight' when it 'bears a substantial relation to the cause of action'").

Moreover, the Eastern District of Virginia offers a much faster time to trial than would exists in the Northern District of California: this case is scheduled for a September 14, 2020 trial (which provides a time to trial of almost exactly one year after the Complaint was served), versus

a median 2.38 years to trial for patent cases in the Northern District of California. *See* Bakewell Decl. at Ex. 1 (comparing median time to trial in patent cases in these two districts). Appotronics has an interest in a prompt resolution of its patent rights, and its choice of a venue that can offer a faster schedule also weighs against transfer.

But in no event would this factor somehow weigh *in favor* of transfer, as asserted by Delta. *See* Mot. at 8. Even in *Gebr. Brasseler*, cited by Delta in support of this proposition, this factor was merely "entitled to minimal weight" because of a lack of connections to Virginia, not *negative* weight. *See Gebr. Brasseler GmBH & Co. KG v. Abrasive Tech., Inc.*, No. 1:08-cv-1246, 2009 WL 874513, at *3 (E.D. Va. Mar. 27, 2009).

*ii. The Convenience to the Parties and Potential Witnesses is Neutral.*

Merging the second and third factors into one, Delta next argues that the convenience to the parties and potential witnesses "strongly favors" transfer. Mot. at 8-12. But Delta fails to point to any meaningful differences between the venues that would offer a reason why these factors should not remain neutral. *See id.* Both parties are foreign, and the evidence and witnesses that Delta points to similarly exist or reside outside of both forums or else have no meaningful relationship to this lawsuit. Moreover, Delta provides incorrect assertions about the locations of several entities.

"The comparison between the transferor and transferee forums is not altered by the presence of other witnesses and documents in places outside both forums." *In re Toyota*, 747 F.3d at 1340. Accordingly, for purposes of a transfer of venue determination, the vast majority of the evidence that Delta cites to does not affect the analysis and is therefore neutral, as it exists in either China or Taiwan, the two principal locations where the events in dispute occurred. *See* Mot. at 11 ("no relevant activities took place in this District… those activities occurred in Taiwan and China").

Thus, the location of the parties in this lawsuit (Mot. at 10-11) and the residence of each alleged inventor except for Dr. Yi Li (Mot. at 8-9) are neutral, as each party, Dr. Fei Hu, and each alleged Delta inventor, resides in either China or Taiwan. *In re Toyota*, 747 F.3d at 1340. Accordingly, this factor is neutral as to the vast majority of potential relevant evidence and witnesses in this matter. Any small difference[3] in travel time from China or Taiwan to the proposed districts is insignificant in view of the travel likely needing to only occur once for trial (as depositions will likely occur at the location of the witnesses), and certainly does not justify transferring districts.

The remaining sources of proof pointed to by Delta are irrelevant to this lawsuit and are therefore entitled to minimal weight. As the party moving for transfer, Delta bears the burden of proffering "sufficient details" about the relevance of evidence alleged to weigh in favor of transfer. *Koh*, 250 F. Supp. 2d at 636 (noting, regarding potential witnesses, that the party requesting transfer "has not specifically set out their potential testimony, how that testimony will be material and non-cumulative, or the degree to which it will be inconvenient to access that testimony in this district. Normally, where a movant fails to provide such particularized information, it cannot satisfy its burden to show that the forum is inconvenient for the witnesses.").

In fact, Delta makes no attempt to explain the relevance of the remaining alleged sources of proof to which it points. Mot. at 8-12 (incorrectly alleging that each party has a subsidiary in California[4] and that Appotronics' patent prosecution counsel is located in the Northern District of

---

[3] Delta is incorrect that "[f]lights from Taiwan to Norfolk take nearly 30 hours" (Mot. at 5), as it is possible to fly from Taiwan Taoyuan International Airport (near Taipei) to Norfolk, Virginia, with a single stop in 17 hours and 45 minutes of total travel time. *See* Bakewell Decl. at Ex. 2.

[4] Delta is also incorrect about the location of Appotronics' U.S. subsidiary, Appotronics USA, Inc., on which Delta places significant emphasis. *See, e.g.*, Mot. at 1, 3, 4, 11, 13. While Appotronics had a subsidiary called Appotronics USA, Inc. in California at one time, that entity

California[5]). Wherever they are located, the subsidiaries of Delta and Appotronics are not parties to this lawsuit, were not involved in the invention of the patents at issue, and bear no relevance to this inventorship dispute. They will not be able to provide any relevant evidence. Similarly, Delta makes no mention of what potential facts or relevant testimony may be provided by Appotronics' prosecution counsel (Delta's prosecution counsel is in Utah), and therefore fails its burden to proffer "sufficient details" about the relevance of evidence alleged to weigh in favor of transfer. *Koh*, 250 F. Supp. 2d at 636.

Accordingly, Delta fails to offer any significant reason why this factor should not remain neutral or at most be afforded minimal weight.

*iii. The Interest of Justice Weighs Against Transfer.*

Finally, the interest of justice factor weighs against transfer. Delta failed to designate an agent in the United States upon whom process could be served, forcing Appotronics to face the legal expense of both moving for alternative service and serving the complaint by publication. *See* Dkt. 6 (granting alternative service and requiring service by publication). Having benefited from this barrier to service, Delta now wishes to move this lawsuit to its preferred venue, which it could have easily ensured by simply designating an agent in that forum. It is against the interest of justice to allow Delta to reap the benefit of offshore patent ownership and then subsequently allow it to choose its preferred venue in which it will be sued—a venue with nearly double the median time to trial. Bakewell Decl. at Ex. 1.

---

merged with a Texas subsidiary in 2018 and ceased to exist. Haque Decl. at ¶ 3. The current Appotronics USA, Inc. does not have any locations or operations in California. *Id*. at ¶ 5.

[5] Delta is also incorrect that Appotronics' prosecution counsel is located in the Northern District of California. Dr. Ying Chen, lead prosecution counsel for Appotronics for the disputed U.S. Patent No. 9,612,511, works in Los Angeles, not in the Northern District. Mot. at 8; *see also* Bakewell Decl. at Ex. 3.

California's alleged interest in this litigation, meanwhile, is negligible. The parties do not exist in California and Delta's California-based subsidiary has no relation to the inventorship or ownership of the patents in suit. Moreover, the MNDA referenced by Delta bears no relation to any claim or counterclaim—these relate entirely to inventorship, which does not depend on any contractual arrangement. *See In re Verhoef*, 888 F.3d 1362, 1365 (Fed. Cir. 2018) (outlining the requirements for inventorship).

Thus, the convenience and justice factors do not outweigh Appotronics' choice of forum or favor transfer, as required by Section 1404, and transfer to the Northern District of California should be denied. *See Global Touch Solutions*, 109 F. Supp. 3d at 899.

## V. CONCLUSION

Accordingly, for the reasons herein, Appotronics respectfully requests that the Court deny Defendant Delta Electronics, Inc.'s Motion to Transfer Venue to the Northern District of California.

Dated: January 7, 2020

By: */s/ Gary M. Hnath*

Gary M. Hnath (VA Bar No. 33953)
Jing Zhang (*pro hac vice*)
Bryan Nese (*pro hac vice*)
Clark Bakewell (*pro hac vice*)
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
Tel.: 202.263.3040
ghnath@mayerbrown.com
jzhang@mayerbrown.com
bnese@mayerbrown.com
cbakewell@mayerbrown.com

*Counsel for Plaintiff Appotronics Corporation Ltd.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on January 7, 2020, the foregoing document was electronically filed with the Clerk of the Court for the UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF VIRGINIA, using Court's Electronic Case Filing (ECF) system. The ECF system routinely sends a "Notice of Electronic Filing" to all counsel of record who have consented to accept this notice as service of this document by electronic means. Any party not receiving the Court's electronic notification will be sent a copy of the foregoing document.

Dated: January 7, 2020

By: */s/ Gary M. Hnath*
Gary M. Hnath (VA Bar No. 33953)

*Counsel for Plaintiff Appotronics Corporation Ltd.*