# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# NORFOLK DIVISION

|  |  |
|---|---|
| APPOTRONICS CORPORATION LTD., *Plaintiff*, <br><br> v. <br><br> DELTA ELECTRONICS, INC., *Defendant*. | Civil Action No. 2:19-cv-00466-RGD-LRL |

## PLAINTIFF APPOTRONICS CORPORATION LTD.'S MOTION TO STRIKE DEFENDANT DELTA ELECTRONICS, INC.'S NEW GROUND FOR PERSONAL JURISDICTION, OR FOR LEAVE TO FILE A SUR-REPLY IN RESPONSE

In its recently filed reply brief (Dkt. 36) in support of its motion to transfer venue, Defendant Delta Electronics, Inc. has improperly added a new argument for personal jurisdiction. This belated attempt to fix a fatal flaw in its motion is improper, and has unfairly removed any ability of Plaintiff Appotronics Corporation Ltd. ("Appotronics") to respond to that new argument. Accordingly, Appotronics moves this Court to strike Delta's new basis for personal jurisdiction in the Northern District of California, or, in the alternative, to grant leave for Appotronics to file a sur-reply to respond to these new arguments.

The "ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered." *Segin Sys. v. Stewart Title Guar. Co.*, 30 F. Supp. 3d 476, 483 (E.D. Va. 2014); *see also United States v. Smith*, 44 F.3d 1259, 1266 (4th Cir. 1995) ("we need not consider an argument raised for the first time in a reply brief"); *Berwind Property Group Inc. v. Environmental Management Group, Inc.*, No. 04–11411–NMG, 2007 WL 4707647, *6 (D. Mass. Feb. 5, 2007) (not allowing the defendant "to amend the nature of its motion in a

reply brief"). The "rationale behind the ordinary rule… is to avoid prejudice to the party" faced with the new argument. *EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013); *see also Stevens v. Anne Arundel County Bd. of Educ.*, No. WDQ–08–2022, 2009 WL 3806374, *2 n.8 (D. Md. Nov. 12, 2009) ("[Plaintiff] should not bear the cost of an additional filing because the [Defendant] failed timely to raise this argument").

In the alternative, "[s]urreplies may be permitted" when a reply brief raises a new argument. *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003), *aff'd* 85 F. App'x 960 (4th Cir. 2004). "The standard for granting leave to file a surreply is whether the party making the motion would [otherwise] be unable to contest matters presented to the court for the first time in the opposing party's reply." *Gibbs v. Plain Green, LLC*, No. 3:17-cv-495, 2017 WL 7693141, *1 (E.D. Va. Oct. 31, 2017) (citations omitted).

Delta's Reply has raised a new ground on which it argues that personal jurisdiction would have existed in the Northern District of California at the outset of this lawsuit: namely, that Delta has

> purposefully directed its activities towards Yi Li and the Northern District of California through its dealings and exchanges with Yi Li, including the negotiation and execution of the California-based MNDA and the exchange of confidential information pursuant to the MNDA that directly gives rise to both side's claims in this suit.

Reply at 3; *see generally*, *id*. at 2-5.

This argument appears nowhere in Delta's Memorandum in Support of its Motion to Transfer (Dkt. 31, hereinafter "Memorandum"), and indeed forms an entirely new theory to which Appotronics has not had a chance to respond. As Appotronics argued (and Delta does not contest), Delta bears the burden of showing that the Northern District of California would have had personal jurisdiction over Delta as well as been a proper venue for the action. Yet at most, Delta's Motion

on this point was limited to a single paragraph, presented in the context of venue (not personal jurisdiction):

> Under the applicable venue statute, 28 U.S.C. § 1391(c)(3), "a defendant not resident in the United States may be sued in any judicial district." Accordingly, since Delta is a Taiwanese company, it could have been sued in the Northern District of California. *See Global Touch Solutions, LLC v. Toshiba Corp.*, 109 F. Supp. 3d 882, 895-96 (E.D. Va. 2015) (finding that the cases "could have been brought" in the Northern District of California, where foreign corporation Toshiba had "a well-established and long-standing distribution network operated by a wholly-owned subsidiary that directly targets customers in California, but such subsidiary is itself headquartered within California."); *see also In re HTC Corp.*, 889 F.3d 1349, 1358-61 (Fed. Cir. 2018) (affirming that any defendants not resident in the United States may be sued in any district).

Memorandum at 7. Now, in its Reply, Delta devotes four pages to arguing why personal jurisdiction exists. Delta's Reply does not assert that either its own subsidiary or its alleged distribution network in California form a basis for personal jurisdiction (*see* Reply at 2-5)—indeed, as Appotronics's Opposition (Dkt. 33) pointed out, such contacts are irrelevant in an inventorship lawsuit. Instead, Delta has pivoted to alleging that contacts with Appotronics supposedly relating to the joint development project involving both companies serve as a basis of personal jurisdiction, which is an entirely different argument than any ground even implied in its Memorandum.

Delta bore the burden of proof on this threshold issue. *Global Touch Solutions, LLC v. Toshiba Corp.*, 109 F. Supp. 3d 882, 889 (E.D. Va. 2015). Personal jurisdiction in the transferee court is a fundamental threshold issue in considering a motion to transfer, and Delta's suggestion that this issue was "unexpected" should be rejected by the Court. Nowhere did Appotronics state, or even suggest, that Dr. Yi's listing of a California address on the '511 patent or the MNDA created a basis for jurisdiction.

Delta also argues that its position is not new because it previously argued that the Northern District of California is a convenient forum because Dr. Li is located there. Reply at 3. But there is a critical distinction between Dr. Li having a presence in California, presented by Delta in the

3

context of the convenience factors, and Delta "purposefully direct[ing] its activities towards Yi Li and the Northern District of California." *Id*. If Delta wished to make that argument, it should have been raised in its initial Motion so that Appotronics could properly respond. It is fundamentally unfair for Delta to make this argument for the first time in its Reply brief, after Appotronics has already submitted its Opposition.

Accordingly, as Delta's Reply presents a new basis for jurisdiction not raised in Delta's Motion, this argument should be struck. *See Clark v. County of Tulare*, 755 F.Supp.2d 1075, 1090 (E.D. Cal. 2010) ("It is improper for the moving party to 'shift gears' and introduce new facts or different legal arguments in the reply brief than presented in the moving papers."). At the very least, if Delta's new argument is not struck, Appotronics should have the opportunity to present its own arguments in rebuttal—including challenging Delta's new assertion that it "purposefully directed" its activities toward California through contacts with Appotronics. *See* Reply at 3.

Accordingly, Appotronics moves to strike the argument presented at pages 2-5 of Delta's Reply that personal jurisdiction existed over Delta in the Northern District of California at the outset of this lawsuit based on Delta's contacts with Appotronics. In the alternative, Appotronics moves for leave to file a sur-reply to address this new argument.

Dated: January 16, 2020			By:	*/s/ Gary M. Hnath*
Gary M. Hnath (VA Bar No. 33953)
Jing Zhang (*pro hac vice*)
Bryan Nese (*pro hac vice*)
Clark Bakewell (*pro hac vice*)
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
Tel.: 202.263.3040
ghnath@mayerbrown.com
jzhang@mayerbrown.com
bnese@mayerbrown.com
cbakewell@mayerbrown.com

*Counsel for Plaintiff Appotronics Corporation Ltd.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on January 16, 2020, the foregoing document was electronically filed with the Clerk of the Court for the UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF VIRGINIA, using Court's Electronic Case Filing (ECF) system. The ECF system routinely sends a "Notice of Electronic Filing" to all counsel of record who have consented to accept this notice as service of this document by electronic means. Any party not receiving the Court's electronic notification will be sent a copy of the foregoing document.

Dated: January 16, 2020  By: */s/ Gary M. Hnath*
Gary M. Hnath (VA Bar No. 33953)

*Counsel for Plaintiff Appotronics Corporation Ltd.*