**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| APPOTRONICS CORPORATION LTD.,<br><br>*Plaintiff*,<br><br>v.<br><br>DELTA ELECTRONICS, INC.,<br><br>*Defendant*. | Civil Action No. 2:19-cv-00466-RGD-LRL |

**PLAINTIFF APPOTRONICS CORPORATION LTD.'S SUR-REPLY IN
OPPOSITION TO DEFENDANT DELTA ELECTRONICS, INC.'S MOTION TO
TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA**


**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................................ 1

II.   ARGUMENT..................................................................................................................... 1

     A.    Delta's Interactions with Dr. Yi Li Occurred Outside California.......................... 2

     B.    The Choice-of-Law Clause in the MNDA Does Not Establish Jurisdiction. ........ 4

III.  CONCLUSION................................................................................................................. 5

## I. INTRODUCTION

Delta's Reply (Dkt. 36, hereinafter "Reply") argues for the first time that personal jurisdiction is appropriate because it "purposefully directed" its activities towards California, either through the alleged residence of one of Appotronics's employees or through a choice-of-law clause in a Mutual Non-Disclosure Agreement ("MNDA") signed by the parties. *See* Reply at 2-6. But neither of these alleged factual bases establishes that personal jurisdiction over Delta would have been proper.

First, Delta has not shown that it even knew of Dr. Li's residence in California at the time of the activities in question, and in any event, the location of Dr. Li's personal residence was immaterial to the relationship and interactions between the parties and does not establish that Delta made any effort to "purposefully avail" itself of California. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Second, the MNDA is not relevant to specific personal jurisdiction because no claim or counterclaim arises out of that contract. *See* Dkt. 27 (Amended Complaint) and Dkt. 29 (Counterclaim). Moreover, a choice-of-law clause does not control the forum for a dispute or act as a consent to jurisdiction by the parties. *Siren Gaming, LLC v. Arviso*, 153 Fed. Appx. 420, 421 (9th Cir. 2005) ("[b]ecause the non-disclosure agreement incorporated only the choice of law clause, and not the forum selection clause… [defendant] did not consent to personal jurisdiction").

Accordingly, Delta fails to meet its burden of showing that personal jurisdiction could have been exercised over it by the Northern District of California at the outset of this lawsuit, and its Motion should therefore be denied.

## II. ARGUMENT

The Ninth Circuit, which includes the proposed transferee venue, applies a three-part test to determine whether specific jurisdiction comports with due process:

> (1) The defendant must have done some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must arise out of the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable.

*Fireman's Fund Ins. Co. v. National Bank of Coops.*, 103 F.3d 888, 894 (9th Cir. 1996).

Neither the alleged residence of Dr. Yi nor the choice-of-law provision in the MNDA establishes that Delta "purposefully availed [it]self… of the privilege of conducting activities" in California for any activity related to this lawsuit.

### A. Delta's Interactions with Dr. Li Occurred Outside California.

Delta did not "purposefully avail[]" itself of Dr. Li's alleged residence in California, and thus Delta fails to meet the first prong of the specific jurisdiction analysis. The "purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts… or of the unilateral activity of another party or a third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

For purposes of personal jurisdiction, Delta's contacts with California, not Appotronics's contacts, are relevant. Nothing in the record establishes that Delta even knew where Dr. Li lived, let alone establishes that it took any action with regard to Dr. Li's alleged residence. Indeed, the collaboration between Delta and Appotronics (China) Corporation started when Delta reached out to Dr. Li by email and requested that Dr. Li visit Delta in Taiwan. Declaration of Dr. Yi Li ("Li Decl.") at ¶ 3. Negotiations between the companies occurred exclusively in Taiwan and China, where Appotronics (China) Corporation is located, and Dr. Li signed the MNDA in China. *Id*. at ¶ 4. During the course of the collaboration with Delta, Dr. Li did not possess any testing or design equipment in California, making technical work for the project impossible there. *Id*. at ¶ 5. While Dr. Li may have responded to incidental emails or phone calls from California, he would have done so on his personal time. To the best of Dr. Li's knowledge, Delta would not have even been

aware that he was in California on those few occasions, and Dr. Li never represented to Delta that he resided in California. *Id.* at ¶¶ 5-6.  Tellingly, even though Delta bears the burden of proof, it fails to cite <u>any</u> instances in which it communicated with Dr. Li in California on matters related to the project, knowing of his residence there, let alone a pattern of contacts that would be sufficient to establish personal jurisdiction.

In short, Delta did not "purposefully avail[]" itself of Dr. Li's alleged personal residence in California.  Dr. Li's alleged residence is the unilateral activity of a another party or third person, not Delta, and cannot form the basis for jurisdiction over Delta. *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 816 (9th Cir. 1988) (a party's performance of "90% of their activities in the Bay Area" did not establish personal jurisdiction over the other party to the contract because such activities were "only unilateral activity"); *Pennebacker v. Wayfarer Ketch Corp.*, 777 F. Supp. 1217, 1221 (E.D. Pa. 1991) ("plaintiff's decision to live in Pennsylvania while employed by defendant and receive some of his paychecks at his home address in Pennsylvania are essentially unilateral decisions on his part for his own convenience which cannot provide a basis of jurisdiction").

Indeed, any presence of Dr. Li in California was entirely tangential to the collaboration between the companies, and even if Dr. Li had incidentally communicated with Delta from California, such communications would be irrelevant to jurisdiction over Delta, as Dr. Li's location was not important to those communications. *See Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 375 (5th Cir. 2003) ("the physical location of Liebreich at the time she signed the agreement and participated in negotiations on behalf of the Estate is not especially relevant in the analysis").

The two cases to which Delta cites are each inapplicable to these circumstances, as in both, the corporation over which personal jurisdiction was being asserted had purposefully directed its

actions towards the relevant forum state. *See Universal Stabilization Techs., Inc. v. Advanced BioNutrition Corp.*, No. 17-cv-87, 2017 WL 1838955, *4-5 (S.D. Cal. May 8, 2017) (focusing on "purposeful direction" and noting that "ABN employees initially reached out to seek out Dr. Bronshtein's expertise and visited him in San Diego," among other activities tied to California); *Cray Inc. v. Raytheon Co.*, 179 F. Supp. 3d 977, 988-89 (W.D. Wash. 2016) (similarly focusing on purposeful direction and noting that "Raytheon obtained the '909 and '833 Patents only after acquiring information about that technology through activities directed at Cray [a Washington Corporation] and its employees in Washington").

Accordingly, Dr. Li's alleged residence does not establish personal jurisdiction over Delta.

### B. The Choice-of-Law Clause in the MNDA Does Not Establish Jurisdiction.

As previously noted by Appotronics, the MNDA is not at issue in this lawsuit, and no claim or counterclaim depends on any interpretation of a contractual arrangement between the parties. Dkt. 27 (Amended Complaint) and Dkt. 29 (Counterclaim). While Appotronics did note the existence of the MNDA in the background section of its Amended Complaint, that does not establish that any claim of the lawsuit actually arises out of that agreement. *See In re Verhoef,* 888 F.3d 1362, 1365 (Fed. Cir. 2018) (inventorship is established through the facts of conception, not by contract). Since the claims and counterclaim of this lawsuit do not "arise out of" the MNDA, Delta's second theory is inapplicable to the exercise of specific personal jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (a court exercising specific jurisdiction may only rule on "issues deriving from, or connected with, the very controversy that establishes jurisdiction"); *Fireman's Fund Ins.*, 103 F.3d at 894 ("the claim must arise out of the defendant's forum-related activities").

Even if the claims or counterclaim arose out of the MNDA (which they did not), a choice-of-law clause is insufficient to establish personal jurisdiction over Delta. A party "has not

consented to personal jurisdiction in California by the mere act of agreeing that California law would govern the parties' contract." *Dynamic Software Servs. v. Cyberbest Tech., Inc.*, No. C-13-04217, 2014 WL 3373924, *4 (N.D. Cal. July 9, 2014); *see also Smartstop Self Storage Operating P'ship L.P. v. Can-Dev, ULC*, No. SACV 15-01415, 2015 WL 13322430, *3 (N.D. Cal. Oct. 26, 2015) ("[t]he provision specifying that the contracts would be governed by California law is also insufficient to establish purposeful availment"); *Burger King*, 471 U.S. at 475 (a choice-of-law provision can be considered with other purposeful contacts, but "such a provision standing alone would be insufficient to confer jurisdiction"); *In re Lois/USA, Inc.*, 264 B.R. 69, 101 (Bankr. S.D.N.Y. 2001) (A "choice-of-law clause and a forum selection clause are not the same, and address different needs and concerns").

### III. CONCLUSION

Personal jurisdiction in the proposed transferee forum is a threshold issue that the party requesting transfer bears the burden of proving. *Global Touch Solutions, LLC v. Toshiba Corp.*, 109 F. Supp. 3d 882, 889 (E.D. Va. 2015); 28 U.S.C. § 1404(a). Delta's Reply fails to satisfy that burden. For this reason, and the reasons in its Opposition (Dkt. 33), Appotronics respectfully requests that the Court deny Delta's Motion to Transfer Venue.

Dated: February 18, 2020

By: */s/ Gary M. Hnath*
Gary M. Hnath (VA Bar No. 33953)
Jing Zhang (*pro hac vice*)
Bryan Nese (*pro hac vice*)
Clark Bakewell (*pro hac vice*)
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
Tel.: 202.263.3040
ghnath@mayerbrown.com
jzhang@mayerbrown.com
bnese@mayerbrown.com
cbakewell@mayerbrown.com
*Counsel for Plaintiff Appotronics Corporation Ltd.*

5

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on February 18, 2020, the foregoing document was electronically filed with the Clerk of the Court for the UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF VIRGINIA, using Court's Electronic Case Filing (ECF) system. The ECF system routinely sends a "Notice of Electronic Filing" to all counsel of record who have consented to accept this notice as service of this document by electronic means. Any party not receiving the Court's electronic notification will be sent a copy of the foregoing document.

Dated: February 18, 2020 By: */s/ Gary M. Hnath*
Gary M. Hnath (VA Bar No. 33953)

*Counsel for Plaintiff Appotronics Corporation Ltd.*