UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| APPOTRONICS CORPORATION LTD., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>DELTA ELECTRONICS, INC., )<br>)<br>Defendant. ) | Civil Action No: 2:19cv466 |

## ORDER

Before the Court is Defendant Delta Electronics, Inc.'s ("Defendant") Emergency Motion to Stay/Continue, ECF No. 49. Plaintiff filed an opposition, ECF No. 50, and Defendant filed a reply, ECF No. 51. As such, this motion is ripe for consideration.

Defendant's Emergency Motion to Stay/Continue arises from the outbreak of the coronavirus ("COVID-19"), which this Court has recognized as a global pandemic requiring significant changes to this Court's dockets. *See* E.D.V.A General Order Nos. 2020-01, 2020-02, 2020-03, 2020-04, 2020-05, 2020-06, 2020-07. Defendant requests a stay of the case, or alternatively, a 90-day extension for all remaining case deadlines, in light of heavy restrictions on travel and quarantines throughout the United States and abroad. ECF No. 49 at 1-2. Significantly, Defendant notes that nine of the witnesses in this case are located in China or Taiwan, and the one United States witness is located in San Francisco[1]—all areas significantly affected by COVID-19. *Id.* at 3; ECF No. 51 at 3. Under these circumstances, Defendant argues that depositions in this

---

[1] The Court recognizes that Plaintiff is unaware of any witnesses noticed for a deposition in San Francisco (*see* ECF No. 50 at 4, n. 3), however that is not the subject of this motion and the Court will consider the possibility of such a witness for the purposes of this motion.

1

case are virtually impossible. *Id.*

Plaintiff agrees that some extension in this case is necessary but argues that both a stay and a 90-day extension would be unnecessary and unreasonable given the present uncertainty regarding COVID-19. ECF No. 50 at 1-3. Instead, Plaintiff argues that a 30-day extension for fact discovery and an extension of the dates of expert discovery is more reasonable here.

Based on these circumstances as they currently exist, the Court finds that the 30-day extension proposed by Plaintiff is appropriate. The predicaments presented by COVID-19 are everchanging, and unpredictable, and in light of such, Courts must be diligent in managing dockets to ensure cases do not remain stagnant. However, the Court is sympathetic to Defendant's predicament, and if circumstances require an additional extension, Defendant may file another Motion requesting relief to address its concerns. Accordingly, the deadlines in this are adjusted as follows:

| Identification of Expert Witnesses | May 15, 2020 |
| --- | --- |
| Close of Fact Discovery | June 5, 2020 |
| Opening Expert Reports | June 15, 2020 |
| Rebuttal Expert Reports | June 26, 2020 |
| Reply Expert Reports | July 3, 2020 |
| Close of Expert Discovery | July 15, 2020 |
| Motions for Summary Judgement | July 20, 2020 |

All other deadlines as set forth in the Court's Rule 16(b) Scheduling Order, ECF No. 34, shall remain the same. Thus, for good cause shown, Defendant's Motion to Stay/Continue, ECF No. 48, is **GRANTED IN PART**.

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/ Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
March 25, 2020

3