IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| APPOTRONICS CORPORATION LTD., | |
| Plaintiff, | Civil Action No. 2:19-cv-00466-RGD-LRL |
| v. | |
| DELTA ELECTRONICS, INC., | |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF DELTA ELECTRONICS, INC.'S
MOTION TO FILE UNDER SEAL EXHIBIT 3 TO THE DECLARATION OF
CHRISTOPHER KAO IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL THE
DEPOSITION OF YI LI AND THOSE PORTIONS OF MEMORANDUM IN SUPPORT
OF DEFENDANT'S MOTION TO COMPEL THE DEPOSITION OF YI LI THAT
QUOTE FROM EXHIBIT 3 TO DECLARATION OF CHRISTOPHER KAO**

Defendant and counterclaim plaintiff Delta Electronics, Inc. ("Delta") respectfully requests that Exhibit 3 to the Declaration of Christopher Kao in Support of Delta's Motion to Compel the Deposition of Yi Li and those portions of Delta's Memorandum in support of its Motion to Compel that quote directly from Exhibit 3 be filed under seal pursuant to Local Civil Rule 5.  In support of its Motion, Delta states as follows:

1. Delta has moved the Court to file under seal Exhibit 3 to the Declaration of Christopher Kao in Support of Delta's Motion to Compel the Deposition of Yi Li (Delta's "Motion to Compel") along with those portions of its Memorandum in support of its Motion to Compel that quote directly from Exhibit 3.

2. Under Fourth Circuit precedent, there are three requirements for sealing court filings: (1) public notice of the request to seal with an opportunity to object; (2) consideration of less drastic alternatives; and (3) a statement of specific findings supporting a decision to seal and rejecting alternatives to sealing.  *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000).

1

3. Exhibit 3 is a set of interrogatory responses served by Plaintiff Appotronics on March 9, 2020, entitled "Plaintiff Appotronics Corporation Ltd.'s Objections And Responses To Defendant Delta Electronics, Inc's First Set Of Interrogatories (Nos. 1-10)."

4. Due to the confidential, proprietary, commercially sensitive, and/or private nature of some of the information contained in plaintiff's interrogatory responses designated as Exhibit 3, plaintiff designated its set of interrogatory responses as "Confidential" in accordance with the terms of the Stipulated Protective Order entered by this Court on February 11, 2020 (Dkt. 43).

5. Neither party has challenged the "Confidential" designation the other has placed on its set of interrogatory answers.

6. Pursuant to the Court's Stipulated Protective Order (Dkt. 43), Delta may not file in the public record in this action any information designated as "Confidential" unless it is filed "under seal pursuant to a court order authorizing the sealing of the specific [information] at issue."  (Stip. Protective Order (Dkt. 43) ¶13.4.)

7. Delta's Motion to Compel concerns information that Appotronics provided in its interrogatory response reflected in Exhibit 3 and, in particular, how Appotronics has described Yi Li's relevancy to the claims and defenses at issue in this case.  For at least that reason, Delta must quote from Exhibit 3 in its Memorandum in support of its Motion to Compel.

8. While interrogatory responses normally are not filed with the Court, they must be filed as part of motions to compel that relate to such answers.  For these reasons, because the interrogatory responses already are designated as "Confidential" under the Stipulated Protective Order, there are no less drastic measures available to Delta to place before this Court the plaintiff's interrogatory responses and to argue the contents of those answers in its Motion to Compel than to file a motion to place those responses and those portions of the responses quoted in the Motion to Compel under seal.

9. With this Memorandum in Support of Delta's Motion to Seal, Delta also has filed a Notice of Motion to Seal, a Motion to Seal, and a Proposed Order to seal the materials pursuant to Local Civil Rule 5.

Accordingly, Delta respectfully requests that this Court enter an order sealing (1) Exhibit 3 to the Declaration of Christopher Kao in Support of Delta's Motion to Compel the Deposition of Yi Li and (2) the unredacted copy of Delta's Memorandum in support of its Motion to Compel that contains quotations from Exhibit 3.

Dated: October 23, 2020

Respectfully submitted,

By: ___/s/ Frank A. Edgar, Jr.___
Frank A. Edgar, Jr., Esq. (VA Bar No. 36833)
GOLDSTEIN, EDGAR & REAGAN
741 J Clyde Morris Boulevard
Newport News, VA 23601
Telephone: (757) 873-8773
Facsimile: (757) 873-8713
Email: faedgarjr@ibglaw.com

Benjamin L. Kiersz (VA Bar No. 47043)
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard, Suite 1400
McLean, VA 22102
Telephone: 703.770.7900
Email: Benjamin.kiersz@pillsburylaw.com

Christopher Kao (*pro hac vice*)
  christopher.kao@pillsburylaw.com
David J. Tsai (*pro hac vice*)
  david.tsai@pillsburylaw.com
Brock S. Weber (*pro hac vice*)
  brock.weber@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
4 Embarcadero Center, 22nd Floor
San Francisco, CA 94111
Telephone: 415.983.1000

*Counsel for Defendant*
*Delta Electronics, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 23, 2020, the foregoing document was electronically filed with the Clerk of the Court for the UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF VIRGINIA, using Court's Electronic Case Filing (ECF) system. The ECF system routinely sends a "Notice of Electronic Filing" to all counsel of record who have consented to accept this notice as service of this document by electronic means. Any party not receiving the Court's electronic notification will be sent a copy of the foregoing document.

          */s/ Frank A. Edgar, Jr.*
          Frank A. Edgar, Jr., Esq.

*Counsel for Defendant and Counterclaim Plaintiff Delta Electronics, Inc.*