IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| APPOTRONICS CORPORATION LTD., <br><br> *Plaintiff,* <br><br> v. <br><br> DELTA ELECTRONICS, INC., <br><br> *Defendant.* | Civil Action No. 2:19-cv-00466-RGD-LRL |

**PLAINTIFF APPOTRONICS CORPORATION LTD.'S RESPONSE TO DEFENDANT DELTA ELECTRONICS, INC.'S MOTION TO FILE UNDER SEAL EXHIBIT 3 TO THE DECLARATION OF CHRISTOPHER KAO IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL THE DEPOSITION OF YI LI AND THOSE PORTIONS OF MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL THE DEPOSITION OF YI LI THAT QUOTE FROM EXHIBIT 3 TO DECLARATION OF CHRISTOPHER KAO**

Pursuant to Local Rule 5(C), Plaintiff Appotronics Corporation Ltd. ("Appotronics") submits this brief in in support of Defendant Delta Electronics, Inc. ("Delta")'s Motion To File Under Seal (Dkt. No. 76). Specifically, Appotronics supports Delta's motion to file under seal Exhibit 3 and those portions of memorandum in support of Delta's motion to compel that quote from Exhibit 3.

**I.      STATEMENT OF FACTS**

In support of its motion to compel (Dkt. No. 74), Delta submitted several exhibits, including Exhibit 3 ("Subject Exhibit"). The Subject Exhibit is Appotronics's Objections and Responses to Defendant Delta Electronics, Inc's First Set of Interrogatories (Nos. 1-10) dated March 9, 2020, which is marked "Confidential" pursuant to the protective order (Dkt. No. 43) in this case. Just a few months ago, this Court granted Delta's motion to file this exact document

1

under seal as an exhibit to Delta's opposition to Appotronics's motion to compel. *See* Dkt. No. 62 (order granting Delta's motion to file under seal (Dkt. Nos. 54, 59) Exhibit 9, which is "Plaintiff Appotronics Corporation LTD.'s Objections and Responses to Defendant Delta Electronics, Inc.'s First Set of Interrogatories (Nos. 1-10)" dated March 9, 2020). Since then, the circumstances supporting the sealing of the Subject Exhibit remain unchanged.

The Subject Exhibit contains sensitive and proprietary business information concerning inventive activities by Appotronics's employees, details about prior cooperation and communications between Appotronics and Delta, and Appotronics's internal procedures and decision-making process regarding obtaining patent protection for its inventions. Delta does not challenge the "Confidential" designation of the Subject Exhibit.

## II. STATEMENT OF QUESTION PRESENTED

Should the Subject Exhibit and portions of Delta's memorandum that quote therefrom remain under seal permanently?

## III. ARGUMENT

The Fourth Circuit employs a defined procedure when faced with a request to seal documents. Before sealing documents, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). Notice may be deemed adequate when a party files a publicly viewable motion to seal, and no member of the public challenges the motion. *See, e.g.*, *Hopeman Bros. v. Cont'l Cas. Co.*, No. 4:16-cv-187, 2018 U.S. Dist. LEXIS 235497, at *3 (E.D. Va. Feb. 23, 2018).

As recognized by this Court (Dkt. No. 62) and noted again by Delta, the Subject Exhibit was designated as "'Confidential' in accordance with the terms of the Stipulated Protective Order entered by this Court on February 11, 2020 (Dkt. 43)" "[d]ue to the confidential, proprietary, commercially sensitive, and/or private nature of some of the information contained in plaintiff's interrogatory responses," and Delta does not challenge that designation. Dkt. No. 80 at ¶¶ 4-5. Further, Delta's motion to compel asks the Court to consider the substantive contents of the Subject Exhibit. *Id.* at ¶¶ 7-8. Sealing of the Subject Exhibit is therefore necessary. *See Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-cv-525-AWA-LRL, 2015 U.S. Dist. LEXIS 188772, at *3-4 (E.D. Va. Feb. 6, 2015) (granting motion to seal "confidential and sensitive business information"); *see also Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-cv-525, 2014 U.S. Dist. LEXIS 197063, at *5 (E.D. Va. Oct. 2, 2014) (granting motion to seal, among other things, confidential interrogatory response).

In addition, this Court previously agreed that less-drastic alternatives to sealing would not afford adequate protection for the confidential information within the Subject Exhibit. *See* Dkt. No. 62.

## IV. **CONCLUSION**

For the reasons set forth above, Appotronics supports Delta's motion to file under seal the Subject Exhibit and those portions of the memorandum in support of Delta's motion to compel that quote from the Subject Exhibit.

3

| | |
|---|---|
| Dated: November 2, 2020 | */s/ Gary M. Hnath*<br>Gary M. Hnath (VA Bar No. 33953)<br>Jing Zhang *(pro hac vice)*<br>Bryan Nese *(pro hac vice)*<br>Clark Bakewell *(pro hac vice)*<br>MAYER BROWN LLP<br>1999 K Street NW<br>Washington, DC 20006<br>Tel.: 202.263.3040<br>ghnath@mayerbrown.com<br>jzhang@mayerbrown.com<br>bnese@mayerbrown.com<br>cbakewell@mayerbrown.com<br><br>*Counsel for Plaintiff Appotronics Corporation Ltd.* |

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on November 2, 2020, the foregoing document was electronically filed with the Clerk of the Court for the UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF VIRGINIA, using Court's Electronic Case Filing (ECF) system. The ECF system routinely sends a "Notice of Electronic Filing" to all counsel of record who have consented to accept this notice as service of this document by electronic means. Any party not receiving the Court's electronic notification will be sent a copy of the foregoing document.


Dated: November 2, 2020          By: */s/ Gary M. Hnath*
                                                            Gary M. Hnath (VA Bar No. 33953)

                                                            *Counsel for Plaintiff Appotronics*
                                                            *Corporation Ltd.*