IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

APPOTRONICS CORPORATION LTD.,

    Plaintiff,

    v.                                                ACTION NO. 2:19cv466

DELTA ELECTRONICS, INC.,

    Defendant.

## ORDER

This matter comes before the Court on Appotronics Corporation Ltd's ("Plaintiff") Motion to Continue Inventorship Trial to Permit In-Person Testimony ("Motion to Continue" or "Motion"). ECF No. 86. The Motion asks for a six-month continuance of trial currently set on October 25, 2021. Id. Plaintiff's primary reason for asking for a continuance rests upon the inability to bring two central witnesses to the United States for in-person testimony due to COVID-19 travel restrictions. ECF No. 87 at 3–5. Plaintiff claims virtual testimony would cause undue prejudice due to the importance of the witnesses to Plaintiff's patent inventorship claims, especially considering Delta Electronics, Inc. ("Defendant") is able to have its witnesses travel to the United States. Id. at 5–6. Defendant opposes this Motion, arguing that Plaintiff knew of the risks when it agreed to the current trial schedule and stating Defendant is agreeable to having both sides testify virtually. ECF No. 88 at 3.

The Court finds good cause for a six-month continuance. One of the witnesses unable to attend, Mr. Fei Hu, is claimed by Plaintiff to be the true inventor of the concept in question, and the Court finds the credibility of his testimony will be important in deciding the merits of the case.

The Court acknowledges Defendant's point that requiring virtual testimony for both sides is an option, but the Court finds that a continuance is the better option based on the fact that (1) the patents in question are not currently being asserted,[1] and (2) Plaintiff has stated that it will not seek another continuance if travel restrictions still remain in place in six months. ECF Nos. 87 at 6; 88 at 6; 89 at 3–4. Finally, the Court finds that the unexpected potency of the Delta variant was not foreseeable when the parties agreed to the current schedule.[2]

Upon consideration of Defendant's Motion, the Court file, and being otherwise duly advised hereby **GRANTS** Plaintiff's Motion. ECF No. 86. The trial date is hereby **RESET** for **Monday, April 18, 2022 at 10:00 a.m.** in the Norfolk Courthouse. The Court will issue a separate order amending the current Rule 16(b) schedule accordingly.

The Clerk is further **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge

Norfolk, VA
September 7, 2021

---

[1] Defendant claims it would be prejudiced by the "cloud of uncertainty in the marketplace" if the trial is continued, ECF No. 88 at 6, but every lawsuit has the potential to create such uncertainty. As Defendant does not contest the claim that none of the patents in questions are being asserted, no direct economic damage is accruing to any party in this matter.

[2] See Sarah Zhang, Expect the Unexpected from the Delta Variant, The Atlantic (June 18, 2021), https://www.theatlantic.com/health/archive/2021/06/expect-unexpected-delta-variant/619245/.